T.C. Memo. 1996-330


UNITED STATES TAX COURT


GARY L. CARNAHAN, Petitioner <u>v</u>. COMMISSIONER
OF INTERNAL REVENUE, Respondent


Docket No. 24492-93.                Filed July 23, 1996.


Gary L. Carnahan, pro se.

<u>David W. Sorensen</u>, for respondent.


MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciency in, and additions to, petitioner's Federal income tax:[1]

_____

[1]  Respondent also determined interest on those amounts as
                                        (continued...)

|      |            | Additions to Tax | |
|------|------------|--------------------------|------------------|
| Year | Deficiency | Section 6651(a)(1)[2] | Section 6654(a) |
| 1991 | $15,389    | $3,847                   | $882             |

Respondent revised the determinations in the notice of deficiency (notice), as follows:

|      |            | Additions to Tax | |
|------|------------|-----------------------|------------------|
| Year | Deficiency | Section 6651(a)(1) | Section 6654(a) |
| 1991 | $12,651    | $3,163                | $721             |

The foregoing revisions reflect respondent's concession that a Form 1099 in the amount of $6,791.10 issued by Codega & Fricke, Inc. (Codega & Fricke) had been erroneously reported to the Internal Revenue Service (Service) and erroneously included in respondent's determinations of unreported income and computations of the deficiency and additions to tax for petitioner's taxable year 1991.[3]

_____

[1](...continued)
provided by law.

[2]  All section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]  Respondent made the concession in a memorandum brief for respondent (respondent's memorandum brief) filed at the Court's request after the Court held a hearing on respondent's motion to dismiss for failure to state a claim and for damages under sec. 6673 (respondent's motion).  The Court requested respondent to file that memorandum brief in order to respond to the allegation in petitioner's amended petition that the Form 1099 for 1991 that was issued to petitioner by Codega & Fricke in the amount of $6,791.10 was erroneous.  In respondent's memorandum brief, re-spondent (1) represented that, upon investigation by respondent,
(continued...)

As required by the Court's Standing Pretrial Order, each party submitted a trial memorandum, both of which the Court had filed in this case. In petitioner's trial memorandum, petitioner indicated that he did not intend to call any witnesses at trial. In respondent's trial memorandum, respondent indicated that she did not intend to call any witnesses at trial.

When this case was called from the calendar at the Court's trial session in Carson City, Nevada, the parties informed the Court that they had not entered into a stipulation of facts and that neither party intended to call any witnesses. Consequently, the Court held a pretrial conference in this case, inter alia, to ascertain from the parties why a trial should be held in this case when neither party intended to call any witnesses. At that pretrial conference, petitioner indicated, inter alia, that it was his position that, because respondent had conceded that a Form 1099 in the amount of $6,791.10 had been erroneously reported to the Service and erroneously included in respondent's computation of the deficiency and additions to tax for petitioner's taxable year 1991, the burden of proof in this case

---

[3](...continued)
Codega & Fricke reported two Form 1099 disbursements to the Service for petitioner's taxable year 1991, one in the amount of $6,791.10 and a corrected one in the amount of $3,479 and (2) admitted the correctness of the allegation in petitioner's amended petition that the Form 1099 issued by Codega & Fricke in the amount of $6,791.10 was in error.

shifted to respondent. The Court cautioned petitioner at the pretrial conference that if the Court did not sustain his position as to the burden of proof and if he presented no evidence at trial, he would lose this case. Despite the Court's warning, petitioner chose not to present any evidence at trial or through a stipulation of facts. Consequently, this case was submitted on the basis of the record extant at the conclusion of the pretrial conference.

The issues for decision are:

(1) Did petitioner have income for 1991 in the amount determined by respondent in the notice, as reduced by the concession in respondent's memorandum brief? We hold that he did.

(2) Is petitioner liable for 1991 for self-employment tax? We hold that he is.

(3) Is petitioner liable for 1991 for the addition to tax under section 6651(a)(1)? We hold that he is.

(4) Is petitioner liable for 1991 for the addition to tax under section 6654? We hold that he is.

(5) Is petitioner liable for a penalty under section 6673? We hold that he is liable for a $5,000 penalty.

Petitioner resided in Carson City, Nevada, at the time he filed the petition.

At the hearing on respondent's motion, petitioner admitted that during 1991 he received payments in the following amounts from the persons indicated in return for labor he performed:

| Payor | Amount Paid |
|---|---|
| Milton Sharp | $7,795.00 |
| Transwestern | 894.73 |
| Codega & Fricke | 3,479.00 |
| MHM, Inc. | 15,790.29 |
| Redco | 15,444.03 |
| | 43,403.05 |

Petitioner also admitted at that hearing that he did not file a Federal income tax return for 1991.

Petitioner bears the burden of proving that respondent's determinations in the notice are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Respondent's concession of an error in the notice relating to the incorrect Form 1099 issued by Codega & Fricke in the amount of $6,791.10 does not shift that burden to respondent.

Petitioner refused to enter into a stipulation of facts or to present any evidence at trial. Except for the error alleged in petitioner's amended petition relating to the incorrect Form 1099 issued to petitioner by Codega & Frick, the arguments he advanced in his amended petition are tax protester type arguments that have been repeatedly rejected by this Court and other courts. We so found in the Order dated January 12, 1995, that we issued with respect to respondent's motion. Nonetheless, in

petitioner's trial memorandum, he persists in advancing the same and/or similar tax protester type arguments. We reaffirm our earlier finding that the types of arguments that petitioner is advancing in this case have been consistently rejected by us and other courts, and we find those arguments to be frivolous and groundless.

On the record before us, we find that petitioner received compensation income for services rendered during 1991 in the total amount of $43,403.05. We further find on that record that petitioner failed to show error in respondent's determinations in the notice that for 1991 he (1) had interest income in the amount of $14 and (2) is liable (a) for self-employment tax, (b) the addition to tax under section 6651(a)(1), and (c) the addition to tax under section 6654 in the revised amounts computed by respondent to reflect her concession relating to the incorrect Form 1099 issued to petitioner by Codega & Fricke.

In respondent's trial memorandum, respondent requests the Court to impose a penalty on petitioner under section 6673.[4] We have consistently applied section 6673 in cases where, as here, it is clear that the taxpayer's position in the proceeding before

---

[4] Respondent made the same request in respondent's motion. Since we found that petitioner had alleged in his amended petition one justiciable error of fact in respondent's determinations relating to the Form 1099 issued by Codega & Fricke in the amount of $6,791.10, we did not grant that motion and therefore did not award a penalty under sec. 6673.

this Court is frivolous or groundless or that the proceeding was instituted or maintained by the taxpayer primarily for delay. E.g., <u>Coulter v. Commissioner</u>, 82 T.C. 580, 584-586 (1984); <u>Wilkinson v. Commissioner</u>, 71 T.C. 633, 639-643 (1979). Under the circumstances presented herein, we conclude that petitioner's position in this case is frivolous and groundless and that this proceeding was instituted and maintained primarily for delay. Accordingly, we shall grant respondent's request for a penalty under section 6673. We hold that petitioner is liable for a penalty under that section in the amount of $5,000.

To reflect the foregoing and respondent's concession,

<u>Decision will be</u>

<u>entered under Rule 155</u>.